**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENEVILLE DIVISION**

| | | |
|---|---|---|
| JOSEPH LEONE, Individually and | ) | |
| On Behalf of All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO: 2:10-CV-230 |
| | ) | |
| KING PHARMACEUTICALS, INC., BRIAN A. | ) | |
| MARKISON, TED G. WOOD, KEVIN S. | ) | |
| CRUTCHFIELD, EARNEST W. DEAVENPORT, JR., | ) | |
| ELIZABETH M. GREETHAM, PHILIP A. INCARNATI, | ) | |
| GREGORY D.JORDAN, Ph.D., R. CHARLES | ) | |
| MOYER, Ph.D., D. GREG ROOKER, DERACE | ) | |
| LAN SCHAFFER, M.D.,PFIZER, INC. and | ) | |
| PARKER TENNESSEE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND  ORDER**

This matter is before the Court on the motion of plaintiff for expedited proceedings, [Doc.

5].  More specifically, plaintiff "seeks an order of this Court expediting all discovery proceedings

in the action and setting a schedule for the filing of a motion for a preliminary injunction and any

responses thereto," [Doc. 6].  The Court heard oral argument on the motion on November 10, 2010.

For the reasons set forth below, the motion will be DENIED.

**I.      The Allegations of the Complaint** [1]

This action is described in plaintiff's complaint as "a shareholder class action on behalf of

the holders of common stock of King Pharmaceuticals, Inc."  against King Pharmaceuticals, Inc.

---

[1]  References to the "complaint" mean the "Amended Class Action Complaint" filed on October 27,
2010.  Plaintiff originally filed his complaint on October 15, 2010, but filed an amended complaint prior to
the filing of any responsive pleading by any defendant.

("King"), Pfizer, Inc. ("Pfizer"), Parker Tennessee Corp. ("Parker"), and certain officers and directors of King. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 (federal question), *i.e.* a claim under the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1332 and the Class Action Fairness Act (diversity of citizenship and amount in controversy).

King is a Tennessee corporation which manufactures, markets and sells pharmaceutical products to physicians and hospitals. King, through a subsidiary, also manufactures and markets animal health products. King has sales offices in the United States, Europe, Canada, Mexico, South America, and Asia and sells its animal health products through distributors and third-party sales companies. King is publicly traded on the New York Stock Exchange and has 249 million outstanding shares of common stock.

In early 2010, King's common stock price began to decline. The stock closed on January 28, 2010, at $13.08 per share and declined to a low of $7.18 per share on July 10, 2010. On October 12, 2010, King announced a merger agreement with Pfizer, a research-based global pharmaceutical company that discovers, develops, manufactures, and markets medicine for humans and animals. Under the agreement, Pfizer will acquire King for $3.6 billion in cash, or $14.25 per share. This per share price represents a premium of approximately 40% to King's closing price on October 11, 2010, and approximately 46% to the one-month average closing price as of the same date. The price offered represents a premium of 8.9% to the closing price of $13.08 on January 28, 2010. On October 22, 2010, Pfizer commenced a tender offer with an offer price of $14.25 per share by filing a Schedule TO with the Securities and Exchange Commission ("SEC"). The tender offer expires at midnight on November 19, 2010.

The plaintiff is a resident of New York and is a shareholder of King.  The complaint does not state the number of shares owned by the plaintiff.  The plaintiff seeks to enjoin the merger announced on October 12, 2010, or, if the merger is consummated, alternatively to recover damages for what he claims is the inadequate and unfair tender offer price.  Plaintiff alleges violations of §§ 14(d)(4) and (e) of the Exchange Act (First Cause of Action), breach of fiduciary duties by the individual defendants who are officers and directors of King (Second Cause of Action), and aiding and abetting breaches of fiduciary duties by King and Pfizer (Third Cause of Action).  In short, plaintiff alleges that the offered per share payment does not adequately compensate King shareholders, the transaction was agreed to by the individual defendants, members of King's Board of Directors, through an unfair process involving preclusive deal protections, and because the Schedule 14D-9 Recommendation filed with the SEC contains material omissions.  The case is a purported class action brought by plaintiff "on behalf of himself and all others similarly situated."

## II.     Analysis and Discussion

Plaintiff seeks through the instant motion to obtain "disclosure" from the defendants on an expedited basis in anticipation of moving for a preliminary injunction halting the proposed merger. Plaintiff argues that allowing the transaction to go forward on its current terms will forever forclose plaintiff and the absent class members from making an informed decision as to whether the tender offer is fair and whether to relinquish their King shares.  Plaintiff seeks to build an evidentiary record to support his anticipated motion for a preliminary injunction.

Plaintiff argues that a grant of expedited discovery in litigation over corporate transactions in connection with an application for preliminary injunction is "normally routine []," citing several

decisions of the Delaware Court of Chancery.[2] [Doc. 6, p. 6]. That statement, however, appears to be a misstatement of the applicable standard by which this motion must be decided. It seems quite clear, as this Court has previously recognized, that expedited discovery is not the norm and that plaintiffs "must [first] make some *prima facie* showing of the need for expedited discovery. *USEC, Inc. v. Everitt*, 2009 WL 152479 (E.D. Tenn. Jan. 22, 2009). *See also Waggin' Train v. Normerica, Inc.*, 20009 WL 3762669 at * 1 (W.D. Tenn. Aug. 18, 2009) (denying motion for expedited discovery because plaintiff failed to demonstrate need for expedited discovery); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618, 623 (N.D. Ill. 2000) ("[e]xpedited discovery is not the norm" and should be granted only on a showing of "necessity"). And, the standard applied by the Delaware courts appears to be substantially the same. *See In re 3COM Shareholders Litig.*, 2009 WL 5173804 at *1 (Del.Ch. 2009) ("[b]efore the [c]ourt will grant a motion for expedition, plaintiffs must establish 'a sufficiently colorable claim and show[] a sufficient possibility of threatened irreparable injury, as would justify imposing on defendants and the public the extra (and sometimes substantial) costs' of an expedited preliminary injunction proceeding").

Plaintiff's motion lacks merit and must fail for two reasons. First, because plaintiff pursues a claim under § 14(e) of the Exchange Act, the Private Securities Litigation Reform Act of 1995's ("PSLRA") mandatory, statutory stay of discovery applies until defendants' motions to dismiss are decided by the Court. Second, even if the PSLRA does not operate to stay discovery, plaintiff has not shown the necessity for expedited discovery nor has he stated a "sufficient possibility of threatened irreparable injury" to justify expedited discovery.

---

[2] It has been recognized that Delaware courts have become specialists in the field of corporate law and decisions of the Delaware courts are often "instructive" on corporate matters. *See McCarthy v. Middle Tenn. Elec. Mbrshp. Corp.*, 466 F.3d 399, 409 (6th Cir. 2006). Both plaintiff and defendants therefore cite extensively to Delaware court decisions.

**A.     The PSLRA's Mandatory Stay of Discovery Applies to Plaintiff's Claims**

The terms of the PSLRA apply to private actions arising under § 14(e) of the
Exchange Act brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.
15 U.S.C. § 78u-4(a)(1).  Pursuant to the PSLRA, a mandatory, automatic stay of all discovery
applies to such an action until the defendants' motions to dismiss are decided.[3]  *In re Carnegie Int'l
Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 683 (D. Md. 2000).  "[T]he stay of discovery procedures
adopted in conjunction with the heightened pleading standards under the PSLRA is a reflection of
the objective of Congress 'to provide a filter at the earliest stage (the pleading stage) to screen out
lawsuits that have no factual basis.'" *Miller v. Champion Enterprises, Inc.*, 346 F.3d 660, 691-92
(6th Cir. 2003).

At oral argument, plaintiff sought to avoid application of the stay of discovery
provisions of the PSLRA in two ways.  First, he argued that the alleged violation of the Exchange
Act set forth in the complaint's "First Cause of Action" is an individual claim not made on behalf
of a purported class.  Second, he argued that 15 U.S.C. § 78u-4(b)(3)(B) makes the stay inapplicable
because expedited discovery is necessary "to prevent undue prejudice" to plaintiff.

Plainitff's first argument is somewhat disingenuous and fails upon examination of
the language of the complaint.  In the introductory paragraph, plaintiff states that he files his
Amended Class Action Complaint "on behalf of himself and all other similarly situated" and
describes the action as "a shareholder class action on behalf of the holders of common stock of King
Pharmaceuticals, Inc."  He further states that he brings "**this action**  individually **and** as a class

_____

[3]   Defendants Pfizer and Parker filed a motion to dismiss plaintiff's amended class action complaint
on October 18, 2010, [Doc. 32], and the remaining defendants filed a motion to dismiss the complaint on
November 8, 2010, [Doc. 35].  Plaintiff has not yet responded to either motion.

action and identifies as questions of law and fact common to the class "whether Defendants have disclosed, and will disclose, all material facts in connection with the Transaction" (*i.e.* alleged violations of the Exchange Act). These provisions of the complaint belie plaintiff's assertion that the first cause of action is an individual one not brought on behalf of a class of shareholders.

As to the second argument, plaintiff is correct that the Court may lift the stay[4] to prevent undue prejudice to the plaintiff. The plaintiff bears the burden of demonstrating that the mandatory stay should be lifted. *In re Fannie Mae Secs. Litig.*, 362 F.Supp.2d 37, 38 (D. D.C. 2005). Although plaintiff states in his motion that he seeks "very limited discovery," he also states in his memorandum in support of his motion that he seeks an order "expediting all discovery proceedings in this action." Plaintiff seeks production of documents related to the proposed merger and tender offer[5] and an order requiring defendants[6] and one non-party to appear for depositions. He argues that these requests will only be minimally burdensome on defendants. Defendants dispute this assertion as "not accurate." Plaintiff argues that the "undue prejudice" standard for lifting the stay is a lower standard than the "irreparable harm" standard and, since he has shown irreparable harm, he has also shown undue prejudice.

Even if the Court accepts plaintiff's argument that the undue prejudice standard is a lesser standard than the irreparable harm standard, plaintiff's argument fails for a very simple

---

[4] Plaintiff has not formally moved to lift the stay but the Court will treat his oral argument as an oral motion to do so.

[5] Counsel for plaintiff stated at oral argument that plaintiff would accept the documents agreed to be produced by the defendants in the state court actions, *see* page 7, as responsive to their document production demands.

[6] It appears that plaintiff seeks only the depositions of defendants Markison, the Chairman, President and Chief Executive Officer of King, and Wood, a Director, and not the depositions of all individual defendants.

reason. Plaintiff has failed to show a need or a necessity for expedited discovery in this case. As an initial matter, plaintiff filed his complaint in this case on October 15, 2010 and, as of the date of the oral argument on November 10, still had not filed a motion for a preliminary injunction despite the fact that counsel argued at the hearing that plaintiff could meet, even without discovery, the prerequisites for the issuance of a preliminary injunction. Given the delay in the filing of the motion and counsel's representation to the Court, it appears that the additional discovery sought amounts to nothing more than a fishing expedition, as defendants argue. In addition, plaintiff did not file his motion for expedited proceedings until October 28, 2010 thirteen days after the filing of the complaint. Furthermore, this action is one of seven actions which have been filed seeking to enjoin the proposed merger. The other six actions were filed in Tennessee state courts and have been consolidated in the Chancery Court for Sullivan County, Tennessee.

Counsel for the plaintiff acknowledged that the state court has appointed co-lead plaintiffs and lead counsel, has held in abeyance a motion for expedited discovery because the defendants had entered into an agreement for limited discovery and have begun producing documents, and plaintiffs in the state court actions have requested a hearing on a motion for preliminary injunction prior to November 19, 2010. Importantly, the state court denied the motion of the plaintiff in the instant case to intervene in the state court actions. Except to state that he disagrees with the way in which lead plaintiffs and lead counsel are pursuing the state court claims, plaintiff has made no effort to show that the state court proceedings, already well advanced beyond the status of this litigation, and the discovery to be produced in the state court action, as well as the pending motion for a hearing prior to the expiration of the tender offer, do not sufficiently protect the interests of shareholders, making this action duplicative, and an unnecessary waste of judicial

7

resources and judicial economy.  Under these circumstances, plaintiff can simply not show that he

will suffer any undue prejudice from the automatic PSLRA stay of discovery in this case.

        **B.     Plaintiff's Claims Do Not Meet The Legal Standard For Expedited Discovery in Non-PSLRA Cases**

        Clearly, the Court has the discretion to expedite discovery where doing so would be

in the interest of justice.  A request for expedited discovery, however, should not be granted "unless

there is a showing of good cause why that is necessary." *In re Sungard Data Sys., Inc. Shareholders*

*Litig.*, 2005 WL 1653975 at \*1 (Del. Ch. 2004).  As set forth above, good cause is not established

unless a plaintiff can both articulate a colorable claim **and** show a sufficient possibility of a

threatened irreparable injury.  Because the plaintiff does not show a possibility of a threatened

irreparable injury, the Court need not determine at this point whether or not he states a sufficiently

colorable claim.[7]

       When asked at oral argument what threatened irreparable injury might occur from the failure

of the Court to expedite discovery, plaintiff's attorney responded that irreparable harm is presumed

under Delaware law in cases involving claims of failure to disclose material facts in advance of a

merger vote, citing *In re: Netsmart Technologies, Inc. Shareholders Litig.*, 924 A.2d 171 (Del. Ch.

2007).  The *Netsmart* case, however, is unpersuasive and inapposite.  First of all, the court in

*Netsmart* was considering the question of whether or not irreparable harm had been established for

the purpose of the grant of a preliminary injunction to halt a corporation's merger with other entities.

The court was not considering the question of whether or not irreparable harm would occur or was

---

    [7]   The question of whether or not plaintiff has stated a claim for relief is the subject of the motions to dismiss in the case and the Court will not decide those motions until after plaintiff has had an opportunity to respond to the motions.

threatened as the result of an inability to receive expedited discovery. Plaintiff assumes, without any

basis for doing so, that threatened irreparable harm for the purpose of the issuance of a preliminary

injunction also establishes irreparable harm for the purpose of expedited discovery. Plaintiff's

conclusion does not necessarily follow, especially where plaintiff claims, as he does here, that the

disclosures are inadequate on their face and cannot, indeed makes no attempt to, identify specifically

any information he hopes to gain through the expedited discovery process which would aid in

anyway his presentation of his motion for preliminary injunction.

Secondly, while the court in *Netsmart* did observe that "this court has typically found a threat

of irreparable injury to exist when it appears stockholders may make an important voting decision

on inadequate disclosures," *Id.* at 208 (citing *ODS Technologies, Inc. v. Marshall*, 832 A.2d 1254,

1262 (Del. Ch. 2003) ("The threat of an uninformed shareholder vote constitutes irreparable harm");

*In re Pure Resources, Inc. Shareholders Litig.*, 808 A.2d 421, 452 (Del. Ch. 2002) ("[I]rreparable

injury is threatened when a stockholder might make a tender or voting decision on the basis of

materially misleading or inadequate information."), the Delaware court clearly distinguished

between the case where the refusal to grant an injunction presents the possibility that a higher,

pending, rival offer might go away forever and the case where, as here, no rival bid is on the table.

In the latter case, Delaware courts have often found it imprudent to enjoin "the only deal on the

table, when the stockholders can make that decision for themselves." *Id.* at 208 (citing *Revlon, Inc.*

*v. MacAndrews & Forbes Holdings, Inc.*, 506 A.2d 173 (Del. 173, 184-85).

As the Court noted,

> [w]hen another higher bid has been made, an injunction against the
> target board's chosen deal has the effect of insuring a fair option in
> which the highest bidder will prevail, at comparatively little risk to
> target shareholders. Indeed, in most circumstances, this means that

> the chances for a later damages proceeding are greatly minimized given the competition between rival bidders. By contrast, when this Court is asked to enjoin a transaction and another higher-priced alternative is not immediately available, it has been appropriately modest about playing games with other people's money.

*Id*. at 208. Given that there is no rival offer in this case, the Court might very well cause King's shareholders to lose the only opportunity for sale available and, in effect, prevent them from making the decision for themselves. No *per se* threat of irreparable harm exists here.

In addition, because there is no rival offer on the table, there does not appear to be any basis for a conclusion that monetary damages would not be sufficient to compensate shareholders if the plaintiff's allegations are ultimately proven to be true. As plaintiff at least tacitly acknowledged at oral argument, the ultimate question to be decided in this litigation is the per share value of the common stock, a determination that is hardly more speculative after the sale than before. Thus, it appears that the shareholders will have an adequate remedy at law if the transaction at issue here is ultimately approved at a price which plaintiff can later prove to be inadequate. *See Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698 at *3 (Del. Ch. 1995) (money damages "completely sufficient, if plaintiffs are correct in their claim"); *Ward Equity Portfolio II L.P. v. AMFM Internet Holding, Inc.*, 2001 WL 167720 at *3 (Del. Ch. 2001) (denying plaintiff's motion for expedited proceedings because "an award of money damages could fully and adequately compensate the plaintiffs for any injury they might suffer").

III.    Conclusion

For the reasons set forth herein, plaintiff's motion for expedited proceedings, [Doc. 5], is **DENIED**. In the event plaintiff files a motion for preliminary injunction, the motion must be filed not later than 11:00 o'clock a.m. on Wednesday, November 17, 2010 and  the Court will hold a

10

hearing on the motion at 9:00 a.m. on Thursday, November 18, 2010 in Courtroom 420 at the James

H. Quillen United States Courthouse in Greeneville, Tennessee.

So ordered.

ENTER:


s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE