IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

**Joseph Leone**            )
                            )
**v.**                      )     No. 2:10-CV-230
                            )
**King Pharmaceuticals, Inc., et. al**   )

# O R D E R

This action arises out of the $3.6 billion merger between Pfizer, Inc. ("Pfizer") and King Pharmaceuticals, Inc., et. al ("King"), which are two large pharmaceutical companies. On October 11, 2010, King and Pfizer executed a merger agreement whereby Pfizer agreed to acquire all of King's outstanding shares in a cash tender offer in the amount of $14.25 per share. The plaintiff brought this action within a few days of the merger announcement alleging that the merger price was "inadequate" and seeking to enjoin the transaction. The defendants contended that the cash tender offer in the amount of $14.25 per share represented a premium of approximately 40% over the closing price on October 11th, and a 46% premium to King's one-month average closing price as of the same date.

On January 28, 2011, Pfizer successfully completed its offer for King's outstanding shares and Pfizer acquired a 92.5% ownership interest in King and assumed majority control of King's board of directors. On February 28, 2011, Pfizer successfully completed a short-form merger with King under Tennessee law and King became a wholly-owned subsidiary of Pfizer. The two companies began joint operations on March 1, 2011.

Several other plaintiffs filed class actions in Tennessee state court, all of which

sought to enjoin the merger transaction based on an inadequate merger price. See *Casey v. Crutchfield, et al.*, C.A. No. C13949(C)(Chancery Court of Sullivan County, Tennessee); *Murphy v. King Pharm., Inc. et al.*, C.A. No. B0022941(B) (Chancery Court of Sullivan County, Tennessee); *La. Mun. Police Empl. Ret. Sys. v. Markison, et al.*, C.A. No.B0022951(B) (Chancery Court of Sullivan County, Tennessee); Combs v. Markison, et al., C.A. No. B0022949(M)(Chancery Court of Sullivan County, Tennessee); *Int'l Bhd. of Elec. Workers Local 164 Pension Fund v. Markison*, C.A. No. B0022966(B)(Chancery Court of Sullivan County, Tennessee); *Kahn v. Markison, et al.*, Case No. 20100293 (Chancery Court of Greene County, Tennessee) The Chancery Court for the State of Tennessee, Second Judicial District, at Bristol, consolidated all of these state court actions under the caption In *King Pharma. S'holder Litig.*, Master Docket No. B0022967(C). In that consolidated case, an agreement-in-principle for the settlement of all merger-related litigation claims has been reached.

Pfizer and Parker Tennessee Corporation (collectively "Pfizer") have filed an unopposed motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Procedure and the Private Securities Litigation Reform Act of 1995 (" PSLRA"). [Doc. 32]. Defendants King Pharmaceuticals, Inc., Brian A. Markison, Ted G. Wood, Kevin S. Crutchfield, Earnest W. Deavenport, Jr., Elizabeth M. Greetham, Philip A. Incarnati, Gregory D. Jordan, Ph.D., R. Charles Moyer, Ph.D., D. Greg Rooker, and Derace Lan Schaffer, M.D. (collectively "the King Defendants"), also have filed an unopposed motion to dismiss the Amended Class Action Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the PSLRA. [Doc. 35 ].

Although the defendants point to the plaintiff's failure to timely respond to the

defendants' motions to dismiss as a basis to dismiss the plaintiff's complaint, the Court cannot dismiss a plaintiff's complaint solely because the plaintiff fails to respond to a Rule 12(b)(6) motion to dismiss. *See Bangura v. Hansen,* 434 F.3d 487, 498 (6th Cir.2006) ("the district court erroneously placed the burden on Plaintiffs to demonstrate that they stated a claim for relief ... the moving party bears the burden of demonstrating that the plaintiff failed to state a claim."); *Carver v. Bunch,* 946 F.2d 451, 452 (6th Cir.1991). Whether or not the plaintiff responds to a motion to dismiss, the district court cannot dismiss the complaint unless it "conclude[s] 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (quoting *Haines v. Kerner,* 404 U.S. 519, 521 (1972)). The plaintiff has conceded in two documents that this action is moot and should be dismissed. [Docs. 43 and 48]. Thus, this Court concludes, based upon plaintiff's stipulation that this action is moot and that the plaintiff can prove no set of facts which would entitle him to relief.

Accordingly it is hereby **ORDERED** that the motions to dismiss filed by the defendants are **GRANTED** and the plaintiff's complaint is **DISMISSED**. [Docs. 32 and 35]. The Court will address the issue of attorneys fees in a separate order.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

3